# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEWHITE D. JOHNSON,

                Plaintiff,

v.

BRANDON FISHER, MATTHEW BURNS, JOSEPH FALKE, KYLE TRITT, and CAPT. RYMARKIEWICZ,

                Defendants.

Case No. 24-CV-454-JPS

**ORDER**

Plaintiff Dewhite D. Johnson, an inmate confined at Waupun Correctional Institution ("WCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On July 25, 2024, the Court screened Plaintiff's complaint, found that it failed to state a claim, and provided him the opportunity to file an amended complaint. ECF No. 10. On August 14, 2024, Plaintiff filed an amended complaint. ECF No. 11. This Order screens Plaintiff's amended complaint.

**1.**  **FEDERAL SCREENING STANDARD**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2. PLAINTIFF'S ALLEGATIONS

Plaintiff names Defendants Brandon Fisher ("Fisher"), Matthew Burns ("Burns"), Joseph Falke ("Falke"), Kyle Tritt ("Tritt"), and Capt. Rymarkiewicz ("Rymarkiewicz"). ECF No. 11 at 1. On January 3, 2020, Fisher violated Plaintiff's due process rights when he wrote a conduct report for Plaintiff engaging in self-harm. *Id.* at 2. On January 23, 2020,

Plaintiff received punitive confinement after a disciplinary hearing. *Id.* at 3. Falke signed off on the conduct report on January 6, 2020, even though he should have been aware that policy forbids conduct reports for self-harm. *Id.* Despite this knowledge, Falke and Tritt failed to release Plaintiff after the conduct report was overturned on February 20, 2024. *Id.* This violated Plaintiff's due process rights for seven days because he was not released until February 27, 2020. *Id.* at 4. Burns participated in Plaintiff's due process deprivation because he had no just reason for imposing the discipline. *Id.* Tritt turned a blind eye to this deprivation and had the opportunity to intervene. *Id.*

Plaintiff received another conduct report in August 2022. *Id.* at 4. Rymarkiewicz approved of the constitutional violation when he allowed Plaintiff to be held in seg from August 26, 2024 until September 7, 2024. *Id.* Plaintiff was held beyond the TLU twenty-one-day time limit for being served. *Id.* Plaintiff alleges that his segregation caused him to suffer an atypical hardship. *Id.* He was prevented from contact with his grandmother who was in the hospital, and he was prevented from attending educational and vocational programs. *Id.* Plaintiff suffered mental and emotional injuries of insomnia, anxiety, weight/appetite loss/gain, and depression. *Id.* at 5.

3. **ANALYSIS**

The Court finds that Plaintiff may not proceed against any defendants for a Fourteenth Amendment claim for a deprivation of liberty without due process. A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally

Page 3 of 7
Case 2:24-cv-00454-JPS    Filed 08/28/24    Page 3 of 7    Document 12

deficient. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (citing *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir. 1994)).

"A prisoner's liberty interest, and incumbent entitlement to procedural due process protections, generally extends only to freedom from deprivations that 'impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prisoner life." *Lekas v. Briley*, 405 F.3d 602, 608 (7th Cir. 2005) (quoting *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995)). In the absence of an "atypical and significant" deprivation, the procedural protections of the Due Process Clause are not triggered. *Id.* Disciplinary segregation can trigger due process protections. *Marion v. Columbia Correctional Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) (citations omitted). When making the determination whether an inmate is entitled to such protections, courts analyze "the combined import of the duration of the segregative confinement and the conditions endured by the prisoner during that period." *Id.* If conditions in segregation are significantly harsher than those in the normal prison environment, then a liberty interest may arise even when the duration of the segregation, standing alone, would not trigger such an interest. *Id.* at 697–98. On the one hand, "six months of segregation is 'not such an extreme term' and, standing alone, would not trigger due process rights." *Id.* at 698 (quoting *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995)). On the other end of the spectrum, transfer to a maximum-security prison and placement in segregated confinement for an indefinite duration where virtually all sensory and environmental stimuli are denied, little human contact is permitted, and prisoners otherwise eligible for parole are disqualified from parole eligibility, taken together, impose an atypical and significant hardship within the correctional context. *Id.* at 697 (citing *Wilkinson v. Austin*, 549 U.S. 209, 224 (2005)).

Once a liberty or property interest has been invoked, the Court looks to what process was due. Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563–69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

Here, Plaintiff's amended complaint does not contain facts showing that Defendants interfered with a liberty interest. Plaintiff alleges that he was in segregation for an extra seven days following the affirmance of his 2020 inmate complaint. As to his August 2022 conduct report, Plaintiff was in segregation for less than two weeks. On these facts alone, the Court cannot determine that Plaintiff suffered an atypical and significant deprivation given the relatively short period of time spent in segregation. *See Marion*, 559 F.3d at 698. Accordingly, based on the allegations in Plaintiff's amended complaint, the Court cannot determine that Plaintiff had a protected liberty interest. Plaintiff again takes issue with Defendants violating certain prison policies, however, "violation of a prison policy alone does not violate the Constitution . . . ." *Schroeder v. Sawall*, 747 F. App'x 429, 431 (7th Cir. 2019) (citing *Lewis v. Richards*, 107 F.3d 549, 553 n. 5 (7th

Cir. 1997); *Langston v. Peters*, 100 F.3d 1235, 1238 (7th Cir. 1996)). As such, Plaintiff may not proceed on a due process claim.

### 4. CONCLUSION

The Court has already screened Plaintiff's original complaint and provided guidance to assist with his claims. The Court therefore finds that further amendment would be futile. *See Runnion ex rel. Runnion v Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). As such, the Court is obliged to dismiss this action for the failure to state a claim and will accordingly assess a "strike" under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the failure to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of August, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.